**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

CHRISTINA NOEL HIZER,

     Plaintiff,

        v.                          CASE NO. 4:20-CV-007-HAB

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 17). The Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Counsel"), who represented Chrstina Noel Hizer ("Plaintiff") before this Court and in subsequent administrative proceedings, asks this Court to approve an award of attorney fees. The Commissioner of Social Security ("Commissioner") neither supports nor opposes this motion. *See* ECF No. 19. For the reasons stated below, Counsel's request for 406(b) attorney's fees is GRANTED.

## BACKGROUND

Counsel represented Plaintiff before this Court to appeal the Commissioner's decision to deny her disability benefits. On May 6, 2021, this Court reversed and remanded to the Administrative Law Judge for further proceedings (ECF No. 13). After the reverse and remand order, this Court awarded $7,904.59 in Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on July 28, 2021. (ECF No. 16).

On remand, Administrative Law Judge Marc Jones again found Plaintiff not disabled. (ECF No. 17-4 at 3). Plaintiff requested review of that decision by the Appeals Council. (*Id.*) The Appeals Council remanded the case for a new hearing and decision. (*Id.*) On remand,

Administrative Law Judge Mary Pamela Hubert found Plaintiff disabled and issued a fully favorable determination. (ECF No. 17-5). The representation agreement between Plaintiff and Counsel entitled the latter to twenty-five percent of Plaintiff's past-due benefits. (ECF No. 17-4 at 3). The Social Security Administration stated it withheld $36.366.00 from Plaintiff's award for the direct payment of attorney fees. (*Id.* at 6).[1]

In this motion, Counsel asks the Court to award a gross total of $36.366.00 in attorney fees under § 406(b). Upon receipt of the sum, counsel will remit to Plaintiff the $7,904.59 that was previously received under the EAJA in connection with this action.

ANALYSIS

Title 42 U.S.C. § 406 governs fees for attorneys representing Social Security claimants, both administratively and in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). An attorney who obtains a favorable judgment for a Social Security claimant can obtain "a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant because of that judgment. 42 U.S.C. § 406(b)(1)(A) (emphasis added).

To determine whether a fee is reasonable, this Court "must begin with the contingency award as its polestar." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (internal quotations omitted). It must then consider multiple factors to determine whether a requested award should be reduced, including "the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome,

---

[1] Attached as an exhibit to Plaintiff's motion for attorney's fees is a document containing both copies of the representation agreements counsel's itemization of hours, and the relevant orders issued by the Social Security Administration. (ECF No. 17-5).

and how the effective hourly rate compares to others in the field and jurisdiction." *Id.* Put another way, this Court "give[s] primacy to fee agreements" while acting as "'check' on contingent-fee agreements that result in unreasonable fees." *Id.* (quoting *Gisbrecht*, 535 U.S. at 807–08).

Here, Counsel requests a fee of $36,366.00 for 67.20 hours of work, an effective rate of $541.16 per hour. This amounts to 25% of Plaintiff's past-due benefits, the maximum allowed for representation in court under § 406. With that in mind, the Court must next determine whether this request is reasonable. It is.

To begin with, Counsel submitted a "reply" in support of the motion, attaching a letter in which Plaintiff indicates her express satisfaction with Counsel. (ECF No. 20). In the letter, Plaintiff states that she is aware of the requested amount, that she believes a 25% contingency fee to be reasonable, and that she is "completely satisfied" with the work Counsel did on her case. (ECF No. 20-1). Plaintiff's expression of satisfaction provides significant support for a finding that the request is reasonable. *See Strong v. O'Malley*, 2024 WL 3935530, at *2 (N.D. Ind. Aug. 23, 2024) (finding a Plaintiff's letter of support to be the "most persuasive of the factors").

Other factors also point to the fees request being reasonable. Counsel were experienced in Social Security disability cases, both at the administrative and federal court levels. There is no evidence of undue delay or overreaching. By representing Plaintiff on contingency, Counsel also assumed considerable risk of financial loss. Further, the effective hourly rate is comparable to the range of past awards approved in this jurisdiction. *See, e.g.*, *Sholl v. Comm'r of Soc. Sec.*, No. 1:22-CV-00042-SLC, 2025 WL 1778711, at *4 (N.D. Ind. June 27, 2025) (awarding a fee equating to $657.23 per hour); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:20-cv-00490-SLC, 2024 WL 228037, at *4 (N.D. Ind. Jan. 22, 2024) (awarding fee equating to $603.14 per hour).

Therefore, the Court finds the Counsel's request for fees is reasonable. The Court grants Counsel's motion and authorizes $36,366.00 in § 406(b) attorney's fees.

CONCLUSION

For these reasons, Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (ECF No. 17) is GRANTED in the amount of $36,366.00. The Commissioner shall pay Plaintiff's primary representative, Charles E. Binder, the fee award out of Plaintiff's withheld past-due benefits and release any remaining withheld benefits to Plaintiff. Upon receipt of the fees, Counsel is direct to remit $7,904.59 in fees to Plaintiff, representing the previously awarded EAJA fees in this case.

SO ORDERED on March 9, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4